UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| HIGHLANDS OF MONTOUR RUN, LLC, | ) | Case No. 10-21678 |
| an Illinois limited liability company | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor | ) | |
| | ) | |
| | ) | |

ORDER CONDITIONING THE AUTOMATIC STAY
ON STRICT COMPLIANCE WITH SECTION 362(D)(3)(B) OF THE
BANKRUPTCY CODE AND AMENDED FINAL CASH COLLATERAL ORDER

This matter coming before the Court on the Motion of Wells Fargo Bank, N.A.

for an Order (A) Granting Relief from the Automatic Stay to Allow It to Foreclose on its

Collateral, (B) Dismissing the Debtor's Chapter 11 Case and (C) In the Interim, Directing

Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion")[1];

the Court having reviewed the Motion and having heard the statements of counsel and evidence

in support of the Motion at a hearing before the Court (the "Hearing"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was sufficient

under the circumstances; and the Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED in part and DENIED in part, as provided herein.

2.      The automatic stay is hereby conditioned, pursuant to section 362(d)(3) of the Bankruptcy Code, on the Debtor's strict compliance with the terms of this Strict Compliance Order and the Agreed Final Order Authorizing the Limited Use of Cash Collateral and Granting Adequate Protection (the "Final Cash Collateral Order") as amended herein (the "Amended Final Cash Collateral Order").

*On or before November 15, 2010*

3.      ~~No later than one business day after entry of this Order on the docket~~, the Debtor shall cure each existing default under the Final Cash Collateral Order, including, without limitation, the Debtor's failure to pay to the Prepetition Secured Lender adequate protection payments budgeted to be paid to the Prepetition Secured Lender and due (a) during the week ending July 3, 2010 in the amount of $30,000 and (b) during the week ending July 31, 2010 in the amount of $30,000. For the avoidance of doubt, the Debtor shall be obligated to cure all existing defaults, regardless of whether the Prepetition Secured Lender has provided the Debtor with notice of each such existing default.

*On or before November 15, 2010*

4.      ~~No later than one business day after entry of this Order on the docket~~, the Debtor shall cure its failure to pay to the Prepetition Secured Lender, as required under section 362(d)(3)(B) of the Bankruptcy Code and under the Final Cash Collateral Order, monthly interest on the Prepetition Indebtedness at the non-default rate prescribed in the Notes for interest due on each of the following dates:

*monthly*

a)  August 15, 2010 - $54,791.66 for interest accrued at the non-default rate ~~during the period June 15, 2010 through July 14, 2010~~,

2

*monthly*

b) September 15, 2010 - $56,618.05 for interest accrued at the non-

default rate ~~during the period July 15, 2010 through August 14, 2010~~,

*monthly*

c) October 15, 2010 $55,326.39 for interest accrued at the non-default

rate ~~during the period August 15, 2010 through September 15, 2010~~.

5.      For the avoidance of doubt, the aggregate amount that the Debtor shall pay

to the Prepetition Secured Lender in respect of the obligations set forth in paragraphs 3 and 4

shall be $226,736.10 *minus* $89,487.00, on account of the Debtor's partial payment of "excess    *on or*

*before*

cash" to the Prepetition Secured Lender on October 4, 2010, for a total payment due ~~no later than~~    *11/15/10*

~~one business day after entry of this Order on the docket of~~ $137,249.10.

6.      On November 15, 2010, and on the fifteenth day of each month thereafter

(except when the fifteenth day of the month is not a business day, then on the first business day

thereafter), the Debtor shall pay to the Prepetition Secured Lender monthly interest on the

Prepetition Indebtedness at the non-default rate prescribed in the Notes.  For the avoidance of

doubt, the monthly interest payment due on November 15, 2010 ~~for the period~~

~~September 16, 2010 through October 14, 2010~~ is $53,541.66.

7.      On or before November 30, 2010, the Debtor shall pay to the Prepetition

Secured Lender $84,806.60 as reimbursement for all fees and expenses incurred by FTI

Consulting in connection with the Rule 2004 Examination of the Debtor ordered by this Court on

August 24, 2010, including without limitation, fees and expenses incurred in connection with

(a) the examination of the Debtor's books and records, (b) the analysis of the Debtor's use of

Cash Collateral, and (c) the analysis of the Debtor's failure to comply with the obligations of the

Final Cash Collateral Order.

3

3    third    ) psh

8.    On December 3, 2010, and on the third business day of each month

thereafter, after taking into account budgeted revenue for the succeeding four week period, the

Debtor shall pay to the Prepetition Secured Lender all Cash Collateral in excess of the amount

necessary to satisfy the authorized expenses in the Budget for the succeeding four week period,

but allowing for a minimum working capital balance for each of the succeeding four weeks of

the Budget Period of not less than $5,000.

9.    All payments required to be made to the Prepetition Secured Lender

pursuant to this Order and the Amended Final Cash Collateral Order shall be made as directed by

the Prepetition Secured Lender.

10.    All reports required to be delivered pursuant to the terms of the Amended

Final Cash Collateral Order shall be delivered by email to counsel to the Prepetition Secured

Lender attn: Robert E. Krebs, rkrebs@jonesday.com and  Dennis Chi, dchi@jonesday.com.

11.    THIS IS A STRICT COMPLIANCE ORDER AND TIME IS OF THE

ESSENCE IN COMPLYING WITH ALL OF THE TERMS OF THIS ORDER AND ALL OF

THE TERMS OF THE AMENDED FINAL CASH COLLATERAL ORDER.

12.    Immediately upon the first to occur of (a) the filing by the Prepetition

Secured Lender of a notice of (i) the violation of any of the terms or the non-occurrence of any

of the conditions of or incorporated in this Order or (ii) the violation of any of the terms or the

non-occurrence of any of the conditions of the Amended Cash Collateral Order, and (b) the

failure of the Debtor to obtain entry of an order confirming a chapter 11 plan on or before March

1, 2011, and without the need for any further action or authority of this Court, the Prepetition

Secured Lender shall be permitted to exercise all remedies set forth in this Order, in the

Amended Final Cash Collateral Order, in the Prepetition Agreements and as otherwise available

4

at law against the Collateral, without further order of or application or motion to this Court, and

without restriction or restraint by any stay under sections 362 or 105 of the Bankruptcy Code or

otherwise. For the avoidance of doubt, in such event the automatic stay shall be lifted as to the

mortgage foreclosure action in the Court of Common Pleas of Allegheny County, Pennsylvania

filed by Wells Fargo on May 7, 2010, and the Confession of Judgment in Ejectment and a

Praecipe for Writ of Possession Upon a Confessed Judgment filed in the same court on May 11,

2010.

13.    The Final Cash Collateral Order is hereby amended by (a) deleting

paragraph 5 of the Final Cash Collateral Order in its entirety and (b) deleting paragraph 17 of the

Final Cash Collateral Order and replacing it with the following:

"17.    Upon the occurrence of an Event of Default or other

violation of this Order, (a) the Debtor shall no longer have

the right to use Cash Collateral pursuant to this Order, (b)

any stay under sections 362 or 105 of the Bankruptcy Code

shall automatically be terminated; and (c) the Prepetition

Secured Lender shall be permitted to exercise all remedies

set forth in this Order, in the Prepetition Agreements and as

otherwise available at law against the Collateral, without

further order of or application or motion to this Court, and

without restriction or restraint by any stay under sections

362 or 105 of the Bankruptcy Code or otherwise."

5

14.    This Strict Compliance Order shall, and hereby does, incorporate all

provisions set forth in the Amended Final Cash Collateral Order, and shall remain in full force

and effect until the effective date of any chapter 11 plan confirmed in this case.

15.    This Court retains jurisdiction to resolve any disputes arising under or

related to this Order and to interpret, implement and enforce the provisions of this order.

16.    This Order shall take effect immediately upon its entry in accordance with

Bankruptcy Rule 4001(a)(3).

**NOV – 3 2010**

Dated: _____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE